## STATON v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.   June 20, 1898.)

No. 1,035.

1. **DEFRAUDING UNITED STATES—FORGED AFFIDAVIT.**
     One presenting accounts to the government cannot be convicted under Rev. St. §§ 5418, 5479, for forging the name of a justice of the peace to the affidavit attached thereto, unless it be done to defraud the United States.

2. **SAME—INDICTMENT.**
     An indictment charging that defendant forged the name of a justice of the peace to accounts presented by him to the government accounting officers, "with intent to defraud the United States," must be regarded as based on Rev. St. §§ 5418, 5479, and not on section 5421, which denounces the making, altering, forging, etc., of papers, for the purpose of "obtaining or receiving * * * from the United States or any of their officers or agents any sum of money."

In Error to the District Court of the United States for the Eastern District of Arkansas.

G. W. Murphy, for plaintiff in error.
Edward C. Stringer, U. S. Atty.

Before SANBORN and THAYER, Circuit Judges, and SHIRAS, District Judge.

THAYER, Circuit Judge. Ben B. Staton, the plaintiff in error, was indicted under an indictment containing two counts, in the district court of the United States for the Eastern district of Arkansas. The indictment on its face purported to have been framed on the provisions of sections 5418, 5421, and 5479 of the Revised Statutes of the United States. The first count of the indictment charged that said Staton, on July 3, 1894, in the Western division of the Eastern district of Arkansas, "did then and there willfully, unlawfully, willingly, falsely, and feloniously make and forge a certain affidavit and writing to his quarterly postal account and return for the quarter ending June 30, 1894, to the auditor for the post-office department, which said affidavit and writing is in words and figures as follows, to wit." The alleged forged affidavit was then set out in hæc verba, the same being an affidavit which purported to have been sworn to before "M. H. Stokes, J. P.," and was in form and substance the usual affidavit which postmasters are required to affix or attach to their quarterly reports. The second count of the indictment charged the accused with the commission of a similar offense on October 2, 1894, in that he had attached to his quarterly return for the quarter ending September 30, 1894, a forged affidavit made before "M. H. Stokes, J. P." The second count, however, differed from the first count in that it further alleged that M. H. Stokes, justice of the peace, did not sign his name to said affidavit; that the name of the justice had been signed thereto by said Staton; and that the act was committed by the accused "with intent to defraud the United States, contrary to the form of the statute in such case made and provided." The first count of the indictment contained no allegations similar to those last aforesaid charging that the accused had signed the name of Stokes with an intent to defraud. On the trial of the indictment, the accused testified in his own favor, in substance, as follows: That while he did sign the name of "M. H. Stokes, J. P.," to each of the quarterly reports of date June 30 and September 30, 1894, yet that the name of the justice was so signed by direction of said justice because the latter was busy at the time, and did not wish to take the trouble to affix his official signature to the reports; that the returns were in all respects true and correct; and that the defendant had no purpose or intent to defraud the United States or to obtain money or credit to which he was not entitled.

The defendant requested the trial court to charge the jury in his behalf as follows: "If the items embraced in the returns or accounts were correct, and contained no false entry or claim, and there was no intent on the part of the defendant to obtain from the government something that he was not entitled to in the way of money or credit, he is entitled to an acquittal." But the court declined to do so, and thereupon charged the jury to the contrary of such request, and in substance as follows: That, even if the accused did have authority from Stokes to sign the latter's name to the jurats which were attached to the affidavits to his quarterly reports, yet, as a person can-

not administer an oath to himself, the fact that the accused signed the name of the justice of the peace to the returns, and presented the same to the government, when he had not in fact sworn to them before the justice, constituted the crime of forgery, and that the jury should so find. No attempt is made by counsel for the government to support the action of the trial court in the respects last stated, under the provisions of sections 5418 and 5479 of the Revised Statutes, the same being two of the sections referred to on the face of the indictment, under which it purports to have been drawn. These sections in express terms provide that the making, altering, forging, or counterfeiting of the various instruments and writings to which those sections refer shall be an offense when done "for the purpose of defrauding the United States"; and inasmuch as the trial court in its charge altogether ignored the intent with which the acts complained of had been committed, and instructed the jury that the accused was guilty of the crime of forgery if he signed the name of the justice to his reports, even with that officer's consent, and subsequently presented the reports to the government, it is manifest that there was error in the charge if we regard the indictment as founded on the two sections of the statute last above mentioned.

It is contended, however,—and this seems to be the sole reason urged in support of the charge,—that the indictment was drawn under section 5421 of the Revised Statutes, and that inasmuch as the defendant admitted that he had intentionally signed the name of the justice of the peace to his reports, and subsequently presented the reports to the auditor of the post-office department, the question of intent was eliminated from the case, and no finding thereon by the jury was requisite. It is a sufficient answer to this contention to say that the indictment was not based on section 5421 of the statute, or, if it was the intention of the pleader to found it thereon, that it was insufficient. Section 5421 provides that "every person who falsely makes, alters, forges or counterfeits * * * any deed, power of attorney, order, certificate, receipt, or other writing, for the purpose of obtaining or receiving * * * from the United States or any of their officers or agents any sum of money, * * * shall be imprisoned," etc.; and neither count of the indictment in question charged, as it should have done if drawn under that section, that the act complained of was done for the purpose of obtaining from the United States a sum of money. Moreover, the second count of the indictment expressly charged that the act complained of was done "with intent to defraud the United States."

We think it clear, therefore, that the indictment must be regarded as based on sections 5418 and 5479 of the Revised Statutes, rather than on section 5421; that the element of intent was involved in the issue; and that the accused was entitled to have the jury determine, it being one of the necessary ingredients of the offense charged in the bill, whether he had been actuated with an intent to defraud the United States.

It results from these views that the judgment of the district court must be reversed, and the cause remanded for a new trial. It will be so ordered.